626 S.E.2d 346

**In the Matter of Richland County Magistrate Golie S. AUGUSTUS, Respondent.**

No. 26109.

Supreme Court of South Carolina.

Submitted Jan. 4, 2006.

Decided Feb. 6, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

I.S. Leevy Johnson, of Columbia, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21,

RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a one year suspension. The facts as set forth in the agreement are as follows.

## FACTS

The South Carolina Summary Court Judges' Association sponsored a seminar for all South Carolina summary court judges from Thursday, March 3, 2005, through Saturday, March 5, 2005, in Myrtle Beach. Respondent needed the continuing legal education (CLE) hours afforded by attendance at the seminar in order to meet his mandatory CLE requirements for the reporting period of July 1, 2004 to June 30, 2005.

As instructed by respondent, an employee of respondent enrolled respondent in the seminar and picked up respondent's enrollment package at the seminar on Thursday, March 3rd. Based on his enrollment in his seminar, the South Carolina Supreme Court Commission on CLE & Specialization (the CLE Commission) sent respondent a Form K/Report (Compliance Report) which included twelve hours of CLE credit for attendance at all three days of the seminar.

Respondent signed the Compliance Report under oath before a notary public and then submitted the signed and notarized report to the CLE Commission. In actuality, respondent did not attend the first two days of the seminar and only attended the seminar on the third day (which was scheduled from 10:30 a.m. to 3:00 p.m., including a 1½ hour non-credit adjournment for lunch).

On or about October 26, 2005, Disciplinary Counsel filed a complaint with the Commission alleging respondent did not attend the seminar on Thursday, March 3rd or Friday, March 4th. Respondent was required to file a written response to the complaint. In his October 27, 2005 written response, respondent asserted he attended the seminar on Friday, March 4th from 9:00 a.m. through 5:00 p.m., as well as Saturday, March 5th from 10:30 a.m. through 3:00 p.m.

Disciplinary Counsel initiated an investigation and requested Special Investigator James L. Evans, Jr., of the Attorney

General's Office interview respondent. Investigator Evans interviewed respondent over the telephone on October 31 and November 1, 2005. In both interviews, respondent admitted he did not attend the seminar on Thursday, March 3rd, and asserted he had attended the seminar on Friday, March 4th, and Saturday, March 5th.

When respondent signed the initial Compliance Report, made his initial written response to Disciplinary Counsel, and gave oral statements to Investigator Evans, respondent knew or should have known he had not attended the seminar on Friday, March 4th, and knew or should have known that his representations to the contrary were false. Also, when respondent filed the initial Compliance Report, he knew or should have known that he had not attended the seminar on Thursday, March 3rd, contrary to the information he certified in the report.

On November 3, 2005, respondent sent correspondence to Disciplinary Counsel in which he acknowledged he only attended the Saturday, March 5th portion of the seminar. Subsequently, respondent amended the Compliance Report, changing his CLE hours earned for the seminar from twelve hours to four hours, thereby claiming CLE credit for only Saturday, March 5th. Respondent filed the amended Compliance Report with the CLE Commission. Respondent amended the Compliance Report by making a pen and ink change to the CLE hours and without having the amended Compliance Report re-notarized or the change initialed by the notary. On November 29, 2005, respondent filed an amended response with Disciplinary Counsel.

## LAW

■ By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); and Canon 2A (judge shall respect and comply with the

law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary). Respondent admits that his misconduct constitutes grounds for discipline pursuant to Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for discipline for judge to violate Judge's Oath of Office) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We find respondent's misconduct warrants a suspension from judicial duties. We therefore accept the Agreement for Discipline by Consent and suspend respondent for one (1) year.

**SUSPENDED.**

MOORE, A.C.J., BURNETT and PLEICONES, J.J., concur.

TOAL, C.J., not participating; WALLER, J., not participating.